

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARREN TALBERT** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | NO. 16-1041 |
| et al. | : | |

**FILED**
MAR 1 8 2016
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM

**BEETLESTONE, J.**                                             MARCH 18ᵗʰ, 2016

    Plaintiff Darren Talbert, a prisoner at the State Correctional Institution- Greene, alleges that the defendants conspired to violate his constitutional rights by falsely arresting him, maliciously prosecuting him, and causing his false conviction and imprisonment. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis*, dismiss his federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and dismiss his state law claims for lack of subject matter jurisdiction.

### I.    FACTS[1]

    In July of 2012, plaintiff was arrested by Officer John News after a nine-day investigation conducted by officers of the Upper Darby Township Narcotics Task Force. Plaintiff was incarcerated and charged with violating various drug and gun laws in connection with his alleged sale of heroin to Officer Kristine A. McAleer, who was working undercover, on three occasions. *See Commonwealth v. Talbert*, No. 51 EDA 2014, 2015 WL 7287984, at *1 (Pa. Super. Ct. 2015); *see also Commonwealth v. Talbert*, Docket Numbers MJ-32246-CR-0000335-2012; MJ-32246-CR-0000325-2012. Plaintiff alleges that, "immediately following" his arrest, Officer

---

[1] The following facts are taken from the complaint and publicly available dockets for the criminal proceedings underlying plaintiff's claims.

Timothy Berhardt planted "material DNA evidence" in the car that plaintiff apparently drove to the final sale. (Compl. at 8, ¶ 21.)

Amato Sanita and Anthony Senfenski initially represented plaintiff in connection with the criminal charges. Plaintiff alleges that those attorneys "accepted a bribe" from the Delaware County District Attorney's Office to convince plaintiff to waive his right to a preliminary hearing. (*Id.* at 8, ¶ 22.)

On August 16, 2013, after a trial by jury in the Delaware County Court of Common Pleas presided over by the Honorable Mary Alice Brennan, plaintiff was acquitted of one charge of possession with intent to distribute with respect to one of the drug sales, and convicted of the remaining charges. *See Talbert*, 2015 WL 7287984, at *1; *Commonwealth v. Talbert*, Docket Number CP-23-CR-0004677-2012; *Commonwealth v. Talbert*, CP-23-CR-0004680-2012. Shaka Johnson represented plaintiff at trial. Plaintiff alleges that Johnson conspired with Assistant District Attorney Michael Mattson, who prosecuted the charges, and Judge Brennan to permit the introduction of false and/or illegally obtained evidence at trial—including lab submissions, affidavits, search warrants, arrest warrants, and forensic reports—in an effort to bring about plaintiff's conviction. He further alleges that Judge Brennan issued orders and/or made rulings to facilitate his unlawful conviction, and acted as a "Super Prosecutor." (Compl. at 9, ¶ 25.)

After he was sentenced, plaintiff appealed his convictions to the Pennsylvania Superior Court. Todd Mosser represented plaintiff on appeal while Assistant District Attorney D. Daniel Woody represented the Commonwealth. Plaintiff alleges that the Delaware County District Attorney's Office "unlawfully influenced" Mosser to "circumvent the litigation upon appeal for the benefit of the Commonwealth's interest." (*Id.* at 13, ¶ 33.) The Pennsylvania Superior Court affirmed plaintiff's convictions and vacated his sentence. *See Talbert*, 2015 WL 7287984, at *1.

Plaintiff was resentenced on January 25, 2016. He subsequently filed a petition for post-conviction relief, which remains pending in the Delaware County Court of Common Pleas.

On February 24, 2016, plaintiff initiated this civil action based on his alleged false arrest, malicious prosecution, unlawful conviction, and imprisonment based on false evidence.[2] He named twenty defendants: (1) the Commonwealth of Pennsylvania; (2) Delaware County; (3) John, J. Whelan, the Delaware County District Attorney; (4) Judge Brennan; (5) Assistant District Attorney Mattson; (6) Shaka Johnson; (7) Todd Mosser; (8) Assistant District Attorney Woody; (9) Amato Sanita; (10) Anthony Stefenski; (11) Officer McAleer; (12) Officer Berhardt; (13) Officer News; (14) Brad A. Ross, a police officer; (15) Jeff Deitz, a Pennsylvania State Trooper; (16) Christine Brennan, a ballistics expert at the Pennsylvania State Police Crime Lab; (17) Cecilia Cacciola, a Manager at the Lima Regional Laboratory; (18) Irena B. Eleshkovitch, a forensic scientist with the Lima Regional Laboratory; (19) Alice Marlin, a forensic scientist with the Lima Regional Laboratory; and (20) a John/Jane Doe confidential informant working with the Upper Darby Township Police Department.

Underlying the majority of plaintiff's claims is his allegation that "during [his] criminal trial the defendants joined in a clandestine conspiracy to violate [his] right to due process and a fair trial, including through method of enterprise corruption within the Delaware County Criminal Court/Justice System." (Compl. at 1.) He brings federal claims pursuant to 42 U.S.C. §§ 1983, 1985(3) & 1986 and the Racketeer Influenced and Corrupt Organizations Act (RICO), and state law claims for intentional infliction of emotional distress. Plaintiff primarily seeks damages.

---

[2] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint does not reflect when plaintiff delivered it to prison authorities for mailing, but it is dated February 24, 2016, and was received by the Court on March 3, 2016.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to initiate this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. RICO Claims

Plaintiff cannot state a RICO claim based on his alleged wrongful arrest, prosecution, conviction, and imprisonment. The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court .

4

. . ." 18 U.S.C. § 1964(c). "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 492 (3d Cir. 2000)). Accordingly, plaintiff cannot state a RICO claim because any injuries he sustained by virtue of his arrest, conviction, and imprisonment are not injuries to "business or property" for purposes of RICO. *See, e.g., Etti ben-Issaschar v. ELI Am. Friends of the Israel Ass'n for Child Prot., Inc.*, No. CV 15-6441, 2016 WL 97682, at *3 (E.D. Pa. Jan. 7, 2016) ("The type of harm suffered by [plaintiff] for which she seeks to recover in this action— i.e., harm related to her detention and the alleged abuse she suffered while detained—is not an injury to 'business or property' that is cognizable under the RICO laws."); *Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) ("A injury 'by nature of mental distress' is not sufficient to claim damage to business or property.").

### B. Section 1983 Claims

The majority of plaintiff's § 1983 claims fail because they are in essence an attack on conviction and imprisonment that is not cognizable under the civil rights laws. In *Heck v. Humphrey*, the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (observing that the principle announced in *Heck* extends to other requests for relief that would

imply the invalidity of an intact conviction). Plaintiff's convictions have not been vacated or otherwise invalidated. Accordingly, to the extent plaintiff alleges that the defendants falsified evidence that led to his conviction, conspired to deprive him of a fair trial, or otherwise violated his constitutional rights in a manner that led to his conviction and imprisonment, his claims are legally baseless because success on those claims would necessarily imply the invalidity of his convictions.[3] If plaintiff seeks to challenge the constitutionality of his convictions in federal court, he must do so by filing a petition for a writ of habeas corpus after exhausting state remedies. *See* 28 U.S.C. § 2254.

To the extent that success on plaintiff's false arrest claims or any related false imprisonment claims would not necessarily imply the invalidity of his convictions, those claims are time-barred. Pennsylvania's two-year statute of limitations applies to plaintiff's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The dockets for plaintiff's criminal cases reflect that he was arraigned in July of 2012. *See Commonwealth v. Talbert*, Docket Numbers MJ-32246-CR-0000335-2012; MJ-32246-CR-0000325-2012. As he

---

[3] There are other reasons why plaintiff's claims fail. District Attorney Whelan, Assistant District Attorney Mattson, and Assistant District Attorney Woody are entitled to absolute prosecutorial immunity from claims based on their prosecution of the Commonwealth's case against plaintiff. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 349 (2009). Judge Brennan is entitled to absolute judicial immunity from plaintiff's claims because they are based on acts she took in her judicial capacity while presiding over plaintiff's criminal case. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Furthermore, the Commonwealth of Pennsylvania is not a "person" for purposes of § 1983 and, in any event, is entitled to Eleventh Amendment immunity from plaintiff's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

did not file this action until February of 2016, long after the two-year limitations period expired, his claims are time barred.

To the extent plaintiff alleges malicious prosecution based on the charge of which he was acquitted, such that success on his § 1983 claim would not necessarily undermine the validity of an intact conviction, his malicious prosecution claim still fails. To prevail on a malicious prosecution claim, a plaintiff must establish, among other things, that the criminal proceeding in question terminated in his favor. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). "[U]pon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged" for favorable termination to exist. *Id.* at 188. The two-year statute of limitations on plaintiff's malicious prosecution claim accrued when he had a full and complete cause of action, that is, when the criminal proceeding in question terminated in his favor. *See* 42 Pa. Cons. Stat. § 5524; *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989). Here, if the charge for which plaintiff was acquitted aimed to punish the same misconduct as charges of which he was convicted, then plaintiff cannot establish that the proceeding terminated in his favor so as to establish a malicious prosecution claim. On the other hand, if plaintiff can establish favorable termination, his malicious prosecution claim is time-barred because he was acquitted in August of 2013, more than two years before he filed this lawsuit. Either way, plaintiff cannot prevail on his claim.

### C. Section 1985(3) and 1986 Claims

Plaintiff's §§ 1985 and 1986 claims fail because, for the most part, they are attacks on plaintiff's conviction and imprisonment that are barred by *Heck*. *See Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam) (principle announced in *Heck*

applies to §§ 1985 and 1986 claims). In any event, plaintiff has not stated a claim under those provisions because the complaint does not plausibly suggest that the alleged conspiracy against plaintiff was motivated by racial or class-based discriminatory animus. *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) ("[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."); *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n. 5 (3d Cir.1994) (failure to state a § 1985 claim is fatal to his § 1986 claim).

### D. Intentional Infliction of Emotional Distress

As the Court has dismissed all of plaintiff's federal claims, the only independent basis for jurisdiction over plaintiff's intentional infliction of emotional distress claims is 28 U.S.C. § 1332(a).[4] That provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Court cannot exercise diversity jurisdiction over this case because the complaint fails to establish that the parties are diverse. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain); *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (a prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment).

---

[4] The Court will not exercise supplemental jurisdiction, having dismissed all of plaintiff's federal claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's federal claims with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court will dismiss plaintiff's state claims for lack of subject matter jurisdiction. Plaintiff will not be given leave to amend because it appears that amendment would be futile. An appropriate order follows.

BY THE COURT:

WENDY BEETLESTONE, J.